# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ASHLEY BASS, | ) |
| Plaintiff, | ) |
| | ) NO. 3:20-cv-00203 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| BENTON BASS, | ) MAGISTRATE JUDGE HOLMES |
| Defendant. | ) |

## MEMORANDUM

Ashley Bass, a resident of Nashville, Tennessee, has filed a pro se, in forma pauperis complaint against Benton Bass, her father, a resident of Pearcy, Arkansas. (Doc. No. 1 at 1). Plaintiff seeks specific performance of a post-nuptial agreement entered into between her father and Vicky Bass, her mother. (*Id.*)

### I. SCREENING STANDARD

Because Plaintiff is proceeding as a pauper in this action, the Court must conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and dismiss it or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)").

1

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

## II. SUBJECT MATTER JURISDICTION

No federal claims are alleged in the complaint. Therefore, as an initial matter, the Court must determine whether it has subject matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.").

Plaintiff alleges that that this Court has subject matter jurisdiction due to diversity of the parties. (Doc. No. 1 at 1). Under 28 U.S.C. § 1332(a)(1), the Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" between citizens of different states. 28 U.S.C. § 1332(a)(1). "The party invoking

2

federal court jurisdiction . . . has the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1194–95 (2010)). Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a). A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citations omitted).

Here, the complaint alleges that Plaintiff is a resident of Tennessee and Defendant is a resident of Arkansas. (Doc. No. 1 at 1). For purposes of the required initial screening, Plaintiff has alleged complete diversity of the parties.

Regarding the amount-in-controversy requirement, "[g]enerally, the amount claimed by the plaintiff in the complaint rules, as long as claimed in good faith, and '[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" *Alvion Properties, Inc. v. Weber, No. 3:08-0866,* 2012 WL 3061843, at *2 (M.D. Tenn. July 26, 2012) (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 289–90).

Plaintiff alleges that, as per the post-nuptial agreement at issue, she is entitled to $500,000 or a business and a house. (Doc. No. 1 at 2). Under these circumstances, it appears that far more than $75,000 is in controversy. Therefore, for purposes of the initial screening, the amount-in-controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a)(1); *Charvat*, 561 F.3d at 628. Because Plaintiff has met her "burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met," this Court appears to have diversity jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a)(1).

### IIII.  SCREENING OF THE COMPLAINT

A federal court exercising its diversity jurisdiction must apply the choice-of-law rules of the state in which it is located. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941); *Montgomery v. Wyeth*, 580 F.3d 455, 459 (6th Cir. 2009) (citation omitted). In resolving contractual disputes in the absence of an enforceable choice-of-law provision, Tennessee adheres to the rule of *lex loci contractus*. Thus, when the dispute involves questions concerning rights and obligations under a contract, the court applies the law of the state where the contract was made, absent a contrary intent. *See Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 467 (Tenn.1973).

As a general rule, courts will honor a contractual choice-of-law provision, so long as it meets certain requirements. *See Credit Gen. Ins. Co. v. Ins. Service Group, Inc.*, No. E2007–00033–COA–R3–CV, 2007 WL 2198475, at *2 (Tenn. Ct. App. Jul. 31, 2007) (citing *Goodwin Bros. Leasing, Inc. v. H & B Inc.*, 597 S.W.2d 303, 306 (Tenn.1980)). First, the choice-of-law provision must be executed in good faith. *Messer Griesheim Indus., Inc. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457, 475 (Tenn. Ct. App. 2003) (citing *Goodwin Bros.*, 597 S.W.2d at 306). Second, the jurisdiction whose law is to govern must bear a material connection to the parties' business. *Goodwin Bros.*, 597 S.W.2d at 306. Third, the parties' choice of law must be reasonable and not merely a sham or subterfuge. *Id*. Finally, the law of the jurisdiction of the parties' choosing must not be "contrary to 'a fundamental policy' of a state [which possesses] 'a materially greater interest' and whose law would otherwise govern." *Id*. n.2

Here, the complaint alleges that the parties entered into the post-nuptial agreement in Hot Springs, Arkansas. (Doc. No. 1 at 9). The post-nuptial agreement states that its validity "shall be

4

Case 3:20-cv-00203    Document 11    Filed 05/22/20    Page 4 of 6 PageID #: 72

governed by the laws of the State of Arkansas." (*Id*. at 18). Thus, it would appear that Arkansas law governs the agreement.

The complaint alleges two claims: breach of contract and fraud. In order to state a cause of action for breach of contract under Arkansas law, the complaint need only assert the existence of an enforceable contract between the plaintiff and defendant, the obligation of the defendant thereunder, a violation by the defendant, and damages resulting to the plaintiff from the breach. *Rabalaias v. Barnett*, 284 Ark. 527, 683 S.W.2d 919 (1985). The complaint alleges that Defendant failed to "comply specifically with the signed postnuptial agreement" in that Plaintiff "did not receive any of the money, business or house as [Defendant] indicated he would [provide] in the post nuptial agreement contract." (Doc. No. 1 at 3). These allegations state a plausible claim for breach of contract.

To establish fraud under Arkansas law, a plaintiff must show: (1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance. *Scollard v. Scollard*, 329 Ark. 83, 947 S.W.2d 345 (1997); *see also Farm Bureau Policy Holders & Members v. Farm Bureau Mut. Ins. Co. of Ark., Inc*., 335 Ark. 285, 984 S.W.2d 6 (1998). Constructive fraud can exist in cases of rescission of contracts or deeds and breaches of fiduciary duties, but a plaintiff must show a material misrepresentation of fact. *Id*. Neither actual dishonesty nor intent to deceive is an essential element. *See RLI Ins. Co. v. Coe*, 306 Ark. 337, 813 S.W.2d 783 (1991). The charge of fraud must be sustained by clear, strong, and satisfactory proof. *Ark. State Hwy. Comm'n v. Clemmons*, 244 Ark. 1124, 428 S.W.2d 280 (1968).

The complaint alleges that Defendant used Plaintiff's "portion of the $500,000 business and house which were [Plaintiff's] Biological mothers' portion of the martial [sic] assets for other uses." (Doc. No. 1 at 3). Specifically, the complaint alleges that Defendant "took [Plaintiff's] mother's marital jointly owned share from her and did not give it to [Plaintiff], but instead kept it and spent it on his paramour girlfriend and or used it to pay his back taxes." (*Id.*) For purposes of the required initial screening of this claim, these allegations state a plausible claim of fraud under Arkansas law.

## IV. CONCLUSION

The Court has conducted an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and finds that diversity jurisdiction appears to be present. Further, the Court finds that the complaint states colorable breach of contract and fraud claims under Arkansas law. These claims shall proceed for further development.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE